UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6247-CR-FERGUSON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

WAYNE BRUTON,

    Defendant.
_____/

**NIGHT BOX FILED**
APR – 6 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## DEFENDANT'S OBJECTION TO THE PRE-SENTENCE INVESTIGATION REPORT AND MOTION FOR DOWNWARD DEPARTURE

The Defendant, Wayne Bruton, through undersigned counsel respectfully files his objection to the Pre-sentence Investigation Report (PSI), and in support thereof, the defendant states:

### Acceptance of Responsibility

Mr. Bruton objects to the probation officer's failure to grant a three level reduction from the offense level for Mr. Bruton's acceptance of responsibility. The probation officer asserts that Mr. Bruton does not qualify for acceptance of responsibility because he was arrested on March 9, 2001 for driving while license suspended. See PSI ¶ 22. The probation officer concludes that pursuant to USSG § 3E1.1, comment. n.(1)(b), Mr. Bruton has failed to withdraw from criminal conduct and is therefore, ineligible for an acceptance of responsibility reduction. The probation officer misinterprets § 3E1.1. and the accompanying application notes.

Application note 1 of USSG § 3E1.1 merely lists a number of factors the sentencing court should consider in determining whether a defendant has clearly accepted responsibility. The voluntary termination or withdrawal from criminal conduct is one of the factors the sentencing court



should consider. However, the application notes do not categorically prohibit or even discourage awarding an acceptance of responsibility reduction if a defendant commits **any** crime while awaiting sentencing. Indeed, the application notes provide that the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility and that determination is entitled to great deference on review. USSG § 3E1.1, comment. n. 5.

Courts which have interpreted application note 1(b) are not uniform in their analyses. For instance in United States v. Morrison, 983 F.2d 730 (6th Cir. 1993), the court held that the sentencing court could not consider a defendant's post indictment and pre-sentencing attempted theft arrest and positive drug test as a factor in deciding whether the defendant had accepted responsibility. Citing § 3E1.1(a), the Morrison court reasoned that acceptance of responsibility, as contemplated by the United States Sentencing Commission is "acceptance of responsibility for **his offense**," not for illegal conduct generally. Id. at 735. (emphasis in original). The Morrison court further reasoned that considering unrelated criminal conduct unfairly penalizes a defendant for a criminal disposition, when true remorse for a specific crime is at issue. Id.

On the other hand, in United States v. Watkins, 911 F.2d 983 (5th Cir. 1990), the court held that a district court did not clearly err in refusing an acceptance of responsibility reduction to a defendant convicted of possessing checks stolen from the mail and forgery when the defendant used cocaine while pending sentencing. The Watkins court reasoned that the application note was phrased in general terms and did not specify that the defendant need only refrain from criminal conduct associated with the offense of conviction. Id. at 985.

In this case, Mr. Bruton timely notified the authorities of his intent to plead guilty and provided the government with complete information concerning his involvement in the offense. Mr.

2

Bruton's arrest for driving while license suspended is wholly unrelated to the instant offense, possession of crack cocaine with intent to distribute. Mr. Bruton respectfully requests that this Court adopt the rationale of the <u>Morrison</u> case and reduce his base offense level by three levels for his acceptance of responsibility.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Daryl E. Wilcox
Assistant Federal Public Defender
Attorney for Defendant
Florida Bar No. 571962
101 N.E. Third Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 / 356-7556 (Fax)

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing instrument was mailed and faxed this 9th day of April, 2001 to Terrence Thompson, Assistant United States Attorney, 500 East Broward Boulevard, 7th Floor, Fort Lauderdale, Florida, 33301 and Diedre Pratt, United States Probation Officer, 299 East Broward Boulevard, Room 409, Fort Lauderdale, Florida 33301.

_____
Daryl E. Wilcox

3